```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| BARBARA K. CHANEY, | * |
| | * |
| Plaintiff, | *   CIVIL ACTION NO. 14-00523-WS-B |
| | * |
| vs. | * |
| | * |
| CAROLYN W. COLVIN, | * |
| | * |
| Commissioner of Social | * |
| Security, | * |
| | * |
| Defendant. | * |

### REPORT AND RECOMMENDATION

Plaintiff Barbara K. Chaney (hereinafter "Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security denying her claim for widow's insurance benefits under sections 202(e) and 223 of the Act, 42 U.S.C. §§ 402(e) and 423. This action was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the administrative record and memoranda of the parties, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**.

### I.   Procedural History

Plaintiff filed an application for widow's insurance benefits on June 7, 2011, as a surviving divorced spouse of the decedent-wage earner, George Chaney. (Tr. 24-27). The application was denied initially on June 14, 2011. (Id. at 35).

Plaintiff's claim was again denied on reconsideration on October 18, 2011, for failure to meet the ten-year duration of marriage requirement for widow's benefits as a surviving divorced spouse. (Id. at 39, 41-42).  Plaintiff requested and was granted a hearing before Administrative Law Judge, Linda Helm, on May 1, 2012.  (Id. at 132).

On May 24, 2012, the ALJ denied Plaintiff's claim for benefits finding that Plaintiff failed to meet the ten-year duration of marriage requirement for widow's benefits as a surviving divorced spouse, as no common-law marriage existed between Plaintiff and the wage earner, Mr. Chaney, prior to their seven-year ceremonial marriage.  (Id. at 22-23). Plaintiff requested review of the ALJ's decision by the Appeals Council, and on September 10, 2014, the Appeals Council issued a written decision denying Plaintiff's claim for benefits because she did not meet the ten-year duration of marriage requirement. (Id. at 5-11).  The Appeals Council's decision became the final decision of the Commissioner. Having exhausted her administrative remedies, Plaintiff timely filed the present civil action.  (Doc. 1).  The parties agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

**II.  Issue on Appeal**

    **A.  Whether the Appeals Council erred in**

> **finding that Plaintiff was not the common law wife of the wage earner under Alabama law prior to their seven-year ceremonial marriage in 1975?**

### III. Factual Background

Plaintiff filed for divorced widow's benefits on the record of wage earner, George Chaney, on June 7, 2011.  (Tr. 24). Plaintiff stated in the application that she and Mr. Chaney were married on February 1, 1975, and divorced on December 31, 1982. (Id. at 25).  The record verifies that Plaintiff and Mr. Chaney were legally married on February 1, 1975 (id. at 47); however, the actual date of the divorce was February 12, 1982.  (Id. at 50).  Thus, the ceremonial marriage lasted seven years.

In addition to her seven-year ceremonial marriage to Mr. Chaney, Plaintiff claims that she and Mr. Chaney lived together as common law husband and wife for approximately seven years before her ceremonial marriage.  Also, in her application for benefits, Plaintiff stated that she and Mr. Chaney "stayed together for a few years before [they] legally got married in 1975."  (Id. at 25).  In addition, in an undated "Statement of Marital Relationship" form submitted to the Agency, Plaintiff stated that she and Mr. Chaney lived together as husband and wife from 1968 to 1975 (id. at 58) with an understanding that they "were going to get married soon at some point."  (Id.). Plaintiff also stated on the Statement of Marital Relationship

3

form that she did not believe that living together with Mr. Chaney made her legally married. (Id. at 59). Moreover, prior to his death, Mr. Chaney applied for retirement insurance benefits in November 2009 and reported that he had no previous marriages that lasted ten years or more. (Id. at 118).

## IV. Analysis

### A. Standard of Review

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied.[1]  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is defined as "more than a scintilla, but less than a preponderance" and consists of "such relevant

---

[1] This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

4

evidence as a reasonable person would accept as adequate to support a conclusion."). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. Dist. LEXIS 10163, *4 (S.D. Ala. June 14, 1999).

    **B.** **Discussion**

"An individual may qualify for survivor's insurance benefit payments if she is either a widow (as defined in 42 U.S.C. § 416(c)) or a surviving divorced wife (as defined in 42 U.S.C. § 416(d)) to an insured decedent." Torres v. Colvin, 2014 U.S. Dist. LEXIS 25076, *5, 2014 WL 795961, *2 (N.D. Ala. Feb. 27, 2014). 42 U.S.C. § 416(d) provides:

> (2) The term "surviving divorced wife" means a woman divorced from an individual who has died, but only if she had been married to the individual for a period of 10 years immediately before the date the divorce became effective.

Thus, "[t]o qualify for widow's insurance benefits as a surviving divorced spouse, an individual must have been validly married to the wage-earner/insured for at least ten years before the divorce became final." Torres, 2014 U.S. Dist. LEXIS 25076 at *6, 2014 WL 795961 at *2 (citing 20 C.F.R. § 404.336).

In the present case, the parties dispute whether Plaintiff

5

met the ten-year durational requirement for entitlement to benefits as a surviving divorced wife, given her ceremonial marriage for seven years and her claim of a common-law marriage for more than three additional years preceding the ceremonial marriage.[2] In cases such as the present one, "[t]he validity of the putative spouse's marriage is governed by the laws of the state where the insured was domiciled at time of death." Torres, 2014 U.S. Dist. LEXIS 25076 at *6, 2014 WL 795961 at *2 (citing 42 U.S.C. § 416(h)(1)(A)(I); 20 C.F.R. § 404.345); see also Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983) ("The appropriate criterion for evaluating a claimant's eligibility for widow's insurance benefits is determined according to the law of the insured's domicile at the time of his death."). Because the parties agree that George Chaney was a resident of the State of Alabama at the time of his death, the

---

[2] There are other eligibility requirements for widow's insurance benefits that are not at issue in this case, including that the claimant: (1) is not married, 42 U.S.C. § 402(e)(1)(A); (2) "has attained age 60, or [ ] has attained age 50 but has not attained age 60 and is under a disability (as defined in section 423(d) of this title) which began before the end of the period specified in paragraph (4)," 42 U.S.C. § 402(e)(1)(B); (3) has filed an application for widow's insurance benefits, was entitled to wife's insurance benefits during the month preceding the month in which the insured died, or was entitled to mother's insurance benefits during the month preceding the month in which she attained retirement age, 42 U.S.C. § 402(e)(1)(C); and (4) is not entitled to old-age insurance benefits in an amount more than the primary insurance amount of the deceased spouse. 42 U.S.C. § 402(e)(1)(D).

6

law of Alabama governs with respect to the duration of Plaintiff's marriage to the insured. (Doc. 17; Doc. 21).

In Alabama, common law marriage is recognized "if the parties mutually consent to enter into a husband and wife relationship that will be 'permanent and exclusive of all others.'" Smith, 707 F.2d at 1286. "Their agreement must be followed by public recognition of the existence of the marriage and cohabitation or mutual assumption openly of marital duties and obligations." Id. (quoting Skipworth v. Skipworth, 360 So. 2d 975, 976-77 (Ala. 1978)); White v. Hill, 176 Ala. 480, 58 So. 444 (1912); Tartt et al. v. Negus, 127 Ala. 301, 28 So. 713 (1900) (internal quotation marks omitted)). In sum, the recognition of a common-law marriage in Alabama requires proof of the following elements: "(1) capacity; (2) present, mutual agreement to permanently enter the marriage relationship to the exclusion of all other relationships; and (3) public recognition of the relationship as a marriage and public assumption of marital duties and cohabitation." Gray v. Bush, 835 So. 2d 192, 194 (Ala. Civ. App. 2001).

In this case, the Appeals Council found that Plaintiff and Mr. Chaney were married on February 1, 1975; they divorced seven years later on February 12, 1982; they did not have a present, mutual agreement to permanently enter the marriage relationship prior to their ceremonial marriage on February 1, 1975; they did

7

not enter into a common-law marriage prior to their ceremonial marriage on February 1, 1975; the marriage did not meet the ten-year durational requirement for entitlement to benefits as a surviving divorced spouse; and, therefore, Plaintiff was not entitled to widow's benefits.[3]   (Tr. 10-11).

Having reviewed the record at length, the Court finds that the substantial evidence in the record supports the Appeals Council's decision that the element of a present, mutual agreement to permanently enter the marriage relationship was not established prior to the marriage ceremony in February 1975. Specifically, as discussed, in Plaintiff's initial application for benefits, she stated that she married George Chaney on February 1, 1975, and that they "stayed together" for a few years "before [they] legally got married in 1975." (Id. at 25). In addition, Plaintiff stated in the "Statement of Marital Relationship" form submitted to the Agency that she did not believe that living together with Mr. Chaney made her legally

---

[3] The Appeals Council also found little evidence of cohabitation prior to the marriage ceremony in 1975. (Tr. 10). This finding is contradicted by evidence from the Plaintiff that she and Mr. Chaney began living together in 1968 and by evidence from Plaintiff's friend, Ms. Pettway, that the couple was living together in 1971 when she visited them. (Id. at 58, 176). Assuming that the Appeals Council erred in failing to find the element of cohabitation prior to 1975, that error is harmless given the lack of evidence of a present agreement and mutual understanding to enter into a marriage relationship prior to Plaintiff's and Mr. Chaney's ceremonial marriage in February 1975.

married and that she and Mr. Chaney lived together with an understanding that they "were going to get married soon at some point." (Id. at 58-59). Plaintiff stated that the decision "to live together in a relationship as husband and wife . . . later changed after [they] lived together as common law. [They] decided to get married legally." (Id.). Plaintiff further stated that she did not use Mr. Chaney's name while they were living together because she was young and did not know that she could use his last name. (Id. at 59). According to Plaintiff, they filed tax returns but did not show each other as husband and wife. (Id.). Also, their mail came separately; his came in his name, and her mail came her name. (Id.). Plaintiff stated that she did not remember how she and Mr. Chaney introduced themselves to others. (Id.).

At the administrative hearing on May 1, 2012, Plaintiff further testified that in 1972, she bought a house in her name only, and the couple lived in the house. (Id. at 142-44). At that time, Plaintiff was using the name, Barbara Kennedy, which is her maiden name. (Id. at 144). Plaintiff testified that her understanding about living together changed when she got pregnant with her daughter, and she wanted to get married "on legal papers" and for her daughter to have the Chaney name. (Id. at 145-47). Plaintiff also testified that she was waiting until after Mr. Chaney got a job to marry him. (Id. at 155).

9

She stated that if he had not gotten a job and had walked away during that time, she would not have felt that she needed to get a divorce. (Id.). Mr. Chaney got a job in 1975, and they got married. (Id. at 162).

Plaintiff also confirmed that prior to getting married, the couple had a joint banking account, but they used their own names. (Id. at 152). She began using Mr. Chaney's name after the marriage ceremony. (Id. at 154). A life insurance policy acquired in August 1975 (after the wedding ceremony) showed Plaintiff using the name Barbara Chaney, as beneficiary on Mr. Chaney's policy. (Id. at 62). Also, Mr. Chaney declared in an application for retirement insurance benefits submitted in November 2009, that, "I had no previous marriages that lasted 10 years or more." (Id. at 118). Although there are statements in the record from friends and relatives that Plaintiff and Mr. Chaney lived together before their wedding and appeared to be husband and wife (id. at 53-57, 176), these statements do not establish that Plaintiff and Mr. Chaney had a present, mutual agreement to permanently enter the marriage relationship prior to their marriage ceremony in February 1975.

The law is clear that this Court may not re-weigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner. See Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). The Commissioner's factual

10

findings are conclusive if supported by substantial evidence. Id.

The substantial evidence in this case supports the Appeals Council's finding that Plaintiff failed to establish the ten-year duration requirement for surviving divorced widow's benefits.  Indeed, both parties expressed the belief that they were not married during the time that they were living together. Having failed to establish a common-law marriage prior to her ceremonial marriage, Plaintiff failed to establish the ten-year duration requirement for surviving divorced widow's benefits.

**V.    Conclusion**

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **RECOMMENDED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for widow's insurance benefits be **AFFIRMED.**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The

11

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **1st** day of **February, 2016.**

                                              **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**